**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MILTON L. BICKHAM** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-3844** |
| **MARLIN GUSMAN, ET AL** | **SECTION "K"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.   **Factual Summary**

The plaintiff, Milton L. Bickham ("Bickham"), was an inmate housed in the Orleans Parish Prison system ("OPP") at the time of the filing of this complaint.  He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, Warden Burl Cain of the Louisiana State Penitentiary ("LSP"), the South Louisiana Correctional Center ("SLCC"), the Pine Prairie Correctional Center ("PPCC"), Officer Christopher

Smith, Officer Eric Pinell, SLCC Deputy Warden Viator, the New Orleans Police Department, the New Orleans City D.A.'s Office.

Bickham seeks redress for the overcrowded conditions within OPP and the conditions within OPP during the days after Hurricane Katrina until and including the evacuation from OPP. Bickham also alleges that he was not provided adequate medical care and adequate housing conditions in the facilities to which he was transferred during the months after the evacuation. He further complains that, upon his return to OPP, he suffered delays in the criminal proceedings related to his pending charges and was being held under the wrong docket number. As a result, he was not released when he should have been.

## II.   **Procedural Background**

On September 29, 2006, Bickham filed a Motion asking the Court to schedule pretrial and trial dates.[1] The Court denied the motion as premature since issue had not yet been joined.[2] The Order was mailed by the Clerk of Court to the plaintiff at OPP, the only address he had provided to the Court. The envelope containing the order was returned from the prison to the Clerk of Court on November 6, 2006. The envelope was marked "Return to Sender" and "r/o 10/5/06," indicating that Bickham had "rolled out" or was released from OPP on October 5, 2006.[3]

The Court issued three Rules to Show Cause on December 14, 2006, ordering Bickham to show cause why he had failed to serve the City of New Orleans and the New Orleans Police

---

[1]Rec. Doc. No. 14.

[2]Rec. Doc. No. 15.

[3]Rec. Doc. No. 17.

Department and why he failed to prosecute the case as to Warden Burl Cain.[4]  The envelopes addressed to Bickham at OPP, the only address of record, were again returned to the Court marked "Return To Sender" and "r/o 10/5/06."[5]

The plaintiff has not responded to any of the Court's prior orders.  He has not otherwise contacted the Court regarding his case since the Motion filed on September 29, 2006.[6]

**III.** **Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id.*  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).  In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The Clerk of Court sent copies of the Court's Orders to Bickham at OPP, which was the only address provided to the Court.  Bickham was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page ten (marked as page four) of his Complaint, where he signed the Plaintiff's Declaration on May 20, 2006.  The Local Rules of this Court also require that a plaintiff provide the Court with a current address or face dismissal of the case.  *See* L.R.

---

[4]Rec. Doc. Nos. 20, 21, 22.

[5]Rec. Doc. No. 25, 26, 27.

[6]Rec. Doc. No. 14.

41.3.1E.  Bickham has not notified the Court of an appropriate address or any means of contacting him since his release from OPP in October of last year.  Accordingly, dismissal of Bickham's § 1983 complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

**IV.**     **Recommendation**

It is therefore **RECOMMENDED** that Bickham's Title 42 U.S.C. § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___31st___ day of _____January_____, 2007.


_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**